**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3380-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MAURICE TAYLOR, a/k/a
MAURICE TYLER,

    Defendant-Appellant.

_____

Submitted June 5, 2024 – Decided August 13, 2024

Before Judges Currier and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 86-07-2791 and 86-11-3995.

Maurice Taylor, appellant pro se.

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the April 25, 2023 order denying his motion to correct an illegal sentence and the subsequent May 30, 2023 order denying reconsideration.  We affirm.

The application to correct an illegal sentence followed a series of appeals filed by defendant through the years challenging his sentences and the denial of his petition for post-conviction relief (PCR).  We briefly discuss that history to provide context for the motion underlying this appeal.

In 1988, defendant pleaded guilty to charges of second-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3, two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and various weapons possession charges under two indictments.  He was sentenced to an aggregate term of ten years with a five-year period of parole ineligibility.  The following year, a jury convicted defendant of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and first-degree robbery, N.J.S.A. 2C:15-1(b), under a third indictment.  He was sentenced to an extended term of life in prison subject to a forty-year period of parole ineligibility.

Defendant appealed from only the sentences.  We affirmed.  State v. Taylor, No. A-6164-89 (App. Div. Jan. 30, 1991); State v. Taylor, No. A-0815-92 (App. Div. Jan. 12, 1996).

Thereafter, defendant filed a PCR petition requesting to withdraw his 1988 guilty plea because he was unaware, when he pled guilty, how the plea would impact his sentence for the subsequent conviction. After an evidentiary hearing, the trial court denied the PCR petition. We affirmed. State v. Taylor, No. A-1992-99 (App. Div. May 23, 2001).

In 2017, defendant moved to withdraw his 1998 guilty plea, asserting his trial counsel did not advise him that his guilty plea to charges under the first two indictments would expose him to an extended term in the subsequent sentence on the third indictment. The trial court denied the motion, finding the arguments were time-barred because they were raised, or should have been raised, on direct appeal or in the PCR petition. We affirmed. State v. Taylor, No. A-1616-18 (App. Div. Mar. 3, 2020).

Months later, defendant moved to correct an illegal sentence under Rule 3:21-10(b)(5), contending he made a claim of innocence during the allocution at the 1988 plea hearing. Therefore, the sentence was illegal because he was not further questioned about the claim, and he was not fully apprised of the consequences of the plea.

The trial court denied the motion in a July 12, 2021 written opinion and order. The trial court analyzed defendant's contentions under the four-part

Slater[1] test and found defendant did not present sufficient evidence to establish there was an inadequate factual basis for the plea. The trial court noted that during the plea hearing, the plea court inquired whether defendant was asserting self-defense and defendant responded he was not. After the State advised there was no evidence of the victim having a weapon, the plea court found defendant had not presented a colorable claim of self-defense or innocence to preclude the acceptance of the guilty plea. After addressing the additional Slater factors, the trial court found defendant had not met his burden to withdraw the thirty-year old guilty plea.

Furthermore, the trial court noted the request to withdraw the guilty plea had been addressed in several post-conviction applications which were all denied and subsequently affirmed by the Appellate Division. The trial court stated: "At your plea hearing, the court made sure your plea was knowing and voluntary, and at no point in the plea proceedings did you proclaim your innocence due to self-defense or demonstrate a lack of understanding of the law." The motion to correct an illegal sentence was denied. Defendant did not appeal from this order.

---

[1] State v. Slater, 198 N.J. 145, 157-62 (2009).

A-3380-22

Defendant refiled the identical motion in September 2022, which is the subject of this current appeal. Judge Christopher Romanyshyn denied the motion on April 25, 2023, in an order with an accompanying written statement of reasons, stating the identical motion was considered and denied in 2021, and defendant had not appealed that order. Judge Romanyshyn further stated that the proffered arguments had already been considered and rejected by this court and subsequent petitions for certification were denied by the Supreme Court.

Thereafter, defendant moved for reconsideration, stating in a certification he had not received the 2021 order denying the prior motion to vacate an illegal sentence until it was included with the 2023 order. He requested the court reconsider its order denying his request to correct an illegal sentence.

On May 30, 2023, Judge Romanyshyn denied the motion for reconsideration in an order and accompanying written statement of reasons. The judge stated he accepted defendant's assertion that he had not received the 2021 order and opinion. However, that did not change the judge's determination.

Judge Romanyshyn explained:

> [N]ot only were your contentions rejected by [the court] in [the 2021] order but [they] were also rejected by various Appellate Division panels on direct appeal and various appeals of [PCR] motions over the last three decades. The Supreme Court denied your petitions for certification. . . . In your latest claim, the Appellate

5

Division found that your sentences complied with [Slater, 198 N.J. at 145]. The court found no manifest injustice because you never asserted a "colorable claim of innocence," but rather expressed a willingness to plead again to the same offenses and affirmed the denial of your motion to withdraw plea.

Then came the May 2020 motion . . . where [the court] rejected your arguments in an extensive analysis of why your sentence is not illegal and your guilty plea was properly accepted by the trial court. . . . You then refiled the same motion before me.

[(citations omitted).]

The judge found the issues were all raised and "rejected on the merits" in previous proceedings. As defendant did not present any new arguments or new information, the judge denied the reconsideration motion.

On appeal, defendant presents the following issues for our consideration:

POINT I
THE ISSUES RAISED IN THIS INSTANT APPEAL OF JUDGE ROMANYSHYN'S ORDER ARE DISTINCT AND NEVER BEFORE ADJUDICATED.

POINT II
[DEFENDANT] HAS NOT ABANDONED HIS PREVIOUSLY RAISED CLAIM OF ACTUAL INNOCENCE[.]

We find defendant's contentions on appeal challenging Judge Romanyshyn's decisions to be "without sufficient merit to warrant discussion in a written opinion." R. 2:11-3(e)(2). We affirm the denial of his motions to

A-3380-22

correct an illegal sentence and for reconsideration substantially for the reasons expressed by Judge Romanyshyn and the prior motion court in their orders.

As stated, defendant appealed from his sentence following the guilty plea. The sentence was affirmed. Defendant then attempted to withdraw his guilty plea, asserting there was an insufficient factual basis. This argument was rejected and affirmed on appeal. Defendant now raises the identical argument but couches it as an illegal sentence because there was an insufficient factual basis for the guilty plea.

The sentence was not illegal. It did not exceed the penalties authorized by statute for a specific offense and it was imposed in accordance with law. See R. 3:21-10(b). Nor are there any "extraordinary circumstances" to deem the 1998 guilty plea "an illegal sentence." State v. Mitchell, 126 N.J. 565, 577 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3380-22